# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

DOCKET NO. 3:07-cv-00470 (3:00-cr-00216)

| | |
|---|---|
| CHARLES EMANUEL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Petitioner's Motion to Review Judgement (Doc. No. 1, Case No. 3:07-CV-00470-FDW). In his motion, Petitioner requests that the Court review his sentence in light of United States v. Booker and the now advisory nature of the United States Sentencing Guidelines. As an initial matter, the Court notes that Petitioner's Motion is in actuality a motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Thus, the Court will construe it as such and has instructed the Clerk to open a new civil case. For the reasons stated below, Petitioner's Motion is DENIED.

Petitioner argues that his sentence was imposed in violation of the rules announced in Blakely v. Washington, 542 U.S. 296 (2004). Neither this case nor the related case of United States v. Booker, 543 U.S. 220 (2005), had been decided at the time Petitioner was convicted and sentenced in 2001. The Fourth Circuit Court of Appeals has made it clear that the rules that were announced in Blakely and Booker are not applicable in collateral proceedings such as this one. See United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005) (holding that Booker and Blakely are not retroactively applicable on collateral review); United States v. Fowler, No. 05-6493, slip op. at 1

(W.Va. June 17, 2005) (holding that "neither Booker nor Blakely announce a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); see also United States v. Sanders, 247 F.3d 139 (4th Cir.) (holding that Apprendi, the predecessor to Booker and Blakely, is not retroactively applicable to cases which are before the Court on collateral review), cert. denied, 534 U.S. 1032 (2001)). Because Petitioner's conviction became final before Blakely and Booker were decided, this claim must be rejected.

As stated above, United States v. Blakely cannot be used to collaterally attack a sentence in a § 2255 motion. Therefore, Petitioner's Petitioner (Doc. No. 1) is DENIED. The Clerk is DIRECTED to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: November 1, 2007

Frank D. Whitney
United States District Judge